[Cite as *State v. Buckwald*, 2014-Ohio-1953.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100629

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DELBERT D. BUCKWALD

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED, CLASSIFICATION
VACATED, REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576370-A

**BEFORE:** S. Gallagher, P.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 8, 2014

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 45551
Westlake, OH   44145

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Margaret A. Troia
        Jesse W. Canonico
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Delbert D. Buckwald appeals his sentence with regard to his sex-offender classification under the Adam Walsh Act. We reverse the judgment, vacate Buckwald's Tier III sex-offender classification, and remand the matter for the limited purpose of classifying Buckwald under Megan's Law.

{¶2} On October 21, 2013, pursuant to a plea agreement, Buckwald entered a plea of guilty to two counts of rape in violation of R.C. 2907.02(A)(2) and one count of rape in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree, for offenses that took place in 1993 and 1994. The record reflects that the trial court complied with Crim.R. 11 and that the guilty pleas were made knowingly, voluntarily, and intelligently.

{¶3} The trial court sentenced Buckwald to ten years on each count, to be served consecutively with no shock probation. The potential maximum penalty was 25 years on each count, to be determined by the parole board. The sentence was run consecutive to a term Buckwald was serving in another case.

{¶4} Buckwald had already been designated a sexual predator from an earlier sex offense. The trial court permitted Buckwald to elect to be classified as a Tier III sex offender under the Adam Walsh Act and notified Buckwald of the reporting requirements.

{¶5} Buckwald filed this appeal, claiming the trial court erred in classifying him as a Tier III sex offender. He argues that because his offenses occurred prior to the

enactment of Ohio's Adam Walsh Act, he should have been sentenced under Megan's Law. He cites *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 21, in which the Ohio Supreme Court determined that application of R.C. Chapter 2950, as amended by S.B. No. 10, to a sex offender who committed an offense prior to the enactment of S.B. No. 10, violates the Ohio Constitution, Article II, Section 28, which prohibits the General Assembly from enacting retroactive laws. The state concedes the error.

{¶6} We hold Buckwald's classification as a Tier III sex-offender under the Adam Walsh Act is void. We vacate Buckwald's sex-offender classification and remand the matter to the trial court for a classification hearing in accordance with Megan's Law, which was the law in effect at the time the offense was committed.

{¶7} Judgment reversed; sex-offender classification vacated; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR